IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JERRY MCGRUDER                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO.: 4:07cv113-WAP-EMB

CHRISTOPHER B. EPPS & LAWRENCE KELLY                              DEFENDANTS

## REPORT AND RECOMMENDATION

A hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), was scheduled in this case for May 13, 2008, to determine if there exists a justiciable basis for Plaintiff's claims filed pursuant to 42 U.S.C. §1983. Plaintiff, though duly notified of the scheduled proceeding, failed to appear and give testimony.

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

The Complaint in this case alleges that while confined at the Mississippi State Penitentiary ("MSP") in Parchman, Mississippi, in July 2006, Plaintiff was stabbed by two other inmates at Unit 32. Plaintiff states that on the day of the stabbing, he informed a floor officer that he needed to be moved because Larry Scott and Gregory Greenwood were talking about doing "something" to him. Plaintiff states that the officer just walked off. The Complaint states that four hours later, these inmates stabbed Plaintiff five times. Plaintiff suggests that if corrections officers had been trained to be "professional," they should have made sure that doors were locked and walked around to make sure everything was "alright."

Plaintiff has named only Christopher Epps, Commissioner of MSP, and Lawrence Kelly, Superintendent of MSP, as defendants.

In this case, Plaintiff has failed to state a claim against the named defendants. In order to state a claim for monetary damages under § 1983, the plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or *respondeat superior* are not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 376, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Because the Complaint herein fails to allege that either Epps or Kelly was personally involved in the alleged violation, it is my recommendation that the Complaint be dismissed.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, 16th day of May, 2008.

        **/s/   Eugene M. Bogen**
        **UNITED STATES MAGISTRATE JUDGE**